IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00112-BNB

CARY GAGAN,

     Plaintiff,

v.

TROY EID,
ALBERTO GONZALES, and
GEORGE W. BUSH,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 7 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Cary Gagan, is a prisoner in the custody of the Colorado Department of Corrections at the North Fork Correctional Facility in Sayre, Oklahoma.  Mr. Gagan initiated this action by filing *pro se* a Petition for Writ of Mandamus.  On April 9, 2007, Mr. Gagan filed a Prisoner Complaint.  On April 13, 2007, Mr. Gagan filed what he describes as the remaining portions of his complaint.  The court must construe the complaint liberally because Mr. Gagan is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Gagan will be ordered to file an amended complaint.

     The court has reviewed the complaint filed by Mr. Gagan and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Gagan fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Combined, the complaint filed on April 9 and the remaining portions filed on April 13 consist of 50 pages of confusing, verbose, and sometimes repetitive allegations. In addition, Mr. Gagan references 328 pages of exhibits that he has submitted to the court in this action that are not helpful in providing a short and plain statement of his claims. Therefore, Mr. Gagan will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Gagan is reminded that it is his responsibility to present his claims in a manageable format that

2

allows the court and the Defendant to know what claims are being asserted and to be able to respond to those claims.

Finally, Mr. Gagan also has filed in this action "Plaintiff's Motion for an Order Assigning to the Plaintiff's Mandamus Suit a Disinterested Judge." That motion will be denied. If Mr. Gagan believes that a particular judge assigned to this action is biased against him, he may file an appropriate motion at that time. Accordingly, it is

ORDERED that Mr. Gagan file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Gagan, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Gagan fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that "Plaintiff's Motion for an Order Assigning to the Plaintiff's Mandamus Suit a Disinterested Judge" filed on January 17, 2007, is denied.

DATED April 17, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00112-BNB

Cary Gagan
Reg. No. 58938
North Fork Corr. Facility
1605 E. Main
Sayre, OK 73662

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/17/07

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk